## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARPENTERS COMBINED FUNDS, INC., | ) | |
| | ) | |
| | ) | Civil Action No. 13-108 |
| Plaintiff, | ) | Judge Cathy Bissoon |
| | ) | |
| v. | ) | |
| | ) | |
| FER FLOORS ENTERPRISE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Currently before this Court is Plaintiff's "Praecipe" for Judgment by Admission against Garnishee Citizens Bank of Pennsylvania.  (Doc. 15).

Default judgment in this case was granted in Plaintiff's favor on March 12, 2013.  (Docs. 7 and 8).  On April 4, 2013, Plaintiff requested the Clerk to issue a writ of execution listing Citizens Bank of Pennsylvania as garnishee.  (Doc. 9).  Also attached to this request was a list of ten interrogatories to be served on Garnishee.  (Doc. 9-5).  The Clerk issued the writ on the same day, and Plaintiff filed Garnishee's answers with this Court on May 6, 2013.  (Doc. 15-1). Plaintiff now asserts that, based on Garnishee's answers to these interrogatories, Plaintiff is entitled to a judgment of $219.03 against Garnishee.  (Doc. 15 at 1).

Although Plaintiff's "praecipe" is not accompanied by a brief, and includes no reference to any sort of legal support, this Court's independent research into this matter shows that Plaintiff's request is governed by state law.  <u>See, e.g.</u>, <u>Bd. of Trs. of Operating Eng'rs Local 66 Combined Funds, Inc. v. Huntar Dev. Corp.</u>, No. 04-mc-399, 2007 WL 1816278, at *1 (W.D. Pa. June 22, 2007).  Rule 3146 of the Pennsylvania Rules of Civil Procedure is instructive on this issue.

(b)(1) Subject to paragraph (2) of this subdivision, the prothonotary, on praecipe of the plaintiff, shall enter judgment against the garnishee for the property of the defendant admitted in the answer to interrogatories to be in the garnishee's possession, subject to any right therein claimed by the garnishee, but no money judgment entered against the garnishee shall exceed the amount of the judgment of the plaintiff against the defendant together with interest and costs. The entry of judgment shall not bar the right of the plaintiff to proceed against the garnishee as to any further property or to contest any right in the property claimed by the garnishee.

(2) **If the garnishee is a bank or other financial institution, the prothonotary, in the absence of an order of court, shall not enter judgment pursuant to paragraph (1) of this subdivision as to funds of any account of the defendant that is identified in the garnishee's answer to interrogatory no. 7 or 8.**

(emphasis added).

Interrogatory numbers 7 and 8, referenced in Rule 3146(b)(2), consist of the following:

7. If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant have funds on deposit in an account in which funds are deposited electronically on a recurring basis and which are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal law?  If so, identify each account and state the amount of funds in each account, and the entity electronically depositing those funds on a recurring basis.

8. If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant have funds on deposit in an account in which the funds on deposit, not including any otherwise exempt funds, did not exceed the amount of the general monetary exemption under 42 Pa. C. S. § 8123?  If so, identify each account.[1]

---

[1] It is unlikely that Question 8 would be applicable, as debtors who are not individuals are excluded from this exemption.  See 42 Pa. Cons. Stat. Ann. § 8123(b)(2).  It appears from the docket that Defendant is not an individual.  It also is presumed that Garnishee Citizens Bank of Pennsylvania is, in fact, a bank under the meaning of the Rule.

Pa. R. Civ. P. 3253.

A review of the interrogatories issued by Plaintiff, (Doc. 9-5), as well as Garnishee's lackluster responses thereto (Doc. 15-1), shows that Plaintiff's questions and Garnishee's answer do not track with those required by the Rules.  Specifically, while some of the information required by the Rules is substantially covered in Plaintiff's interrogatories, other questions – such as 7 and 8, above – are wholly absent from them.  Pennsylvania law prohibits the grant of judgment on admission against a garnishee except in "clear case[s], where there is a distinct admission of liability by the garnishee to the defendant."  Ruehl v. Maxwell Steel Co., 474 A.2d 1162, 1163-64 (Pa. Super. 1984) (internal quotes and citations omitted).  Given this standard, and in the absence of any authority holding otherwise, Plaintiff has not met its burden to show that judgment against Garnishee would be appropriate.  Accordingly, the following order is entered.


AND NOW, this 6th day of May, 2013,

IT IS HEREBY ORDERED that Plaintiff's Praecipe for Judgment by Admission against Garnishee Citizens Bank of Pennsylvania, (Doc. 15), is DENIED, without prejudice to refiling with the proper factual and/or legal support indicating Plaintiff's entitlement to such an order.


BY THE COURT:


s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc (via CM/ECF):

All Counsel of Record